**Eugene L.M. WALKER, Plaintiff,**

v.

**CITY OF LAKEWOOD, et al., Defendants.**

No. C87–1279.

United States District Court, N.D. Ohio, E.D.

Aug. 2, 1990.

Eugene L.M. Walker, Chillicothe, Ohio, pro se.

Bruce S. Rutsky, Leo R. Ward, Leo R. Ward & Assoc., Shawn M. Mallamad, Asst. Director of Law, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

BATTISTI, District Judge.

In this *pro se*, civil rights rights suit, brought under 42 U.S.C. §§ 1981, 1983, 1985, & 1986, the parties have made timely objections to a well-written Report and Recommendation ("Report") of Magistrate Streepy, filed October 3, 1988. The Defendants had filed Motions to Dismiss or for summary judgment. For the reasons that follow, the Court REJECTS, in part, and ACCEPTS, in part, the conclusions of the Magistrate; accordingly, this case is REMANDED to the Magistrate for further proceedings.

As to the Defendants' statute of limitations defense, the Report concluded, as a matter of law—apparently on summary judgment, that the causes of action accrued at the latest, by May 9, 1986, the date of Plaintiff's conviction. Plaintiff Eugene Walker ("Walker") has argued that the operative facts of his injury continued until June 20, 1986, the date he was sentenced. The Report concluded that Walker's §§ 1983 and 1985 claims were barred by a one year statute of limitations—*Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985); it determined that the § 1981 claim was not barred because of *Demery v. City of Youngstown*, 818 F.2d 1257, 1264 (6th Cir. 1987) (Refusing to apply decision retroactively and citing *Mason v. Owens–Illinois, Inc.*, 517 F.2d 520 (6th Cir.1975) (Six year statute of limitations for § 1981 actions)).

Subsequent case law has changed the applicable statute of limitations for § 1983 actions; the correct period in Ohio is two years. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (Appropriate state statute of limitations in § 1983 actions is residual or general personal injury statute); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir.1989) (*en banc*) [Holding Ohio Rev.Code Ann. § 2305.10 (two years) applicable]. Since *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) instructs federal courts to borrow the identical state statute of limitations for § 1981 as for § 1983 claims, the applicable residual statute of limitations is two years.

*Browning, supra.* The *Goodman* holding apparently applies to § 1985 actions. *See, e.g., Callwood v. Questel,* 883 F.2d 272, 274 (3d Cir.1989) (*per curiam* ) (noting unresolved issue as to § 1985). Even assuming, *arguendo,* that Defendants' are correct in stating that the § 1981 claim accrued by May 9, 1986, and that this suit was commenced when the Complaint was filed on June 10, 1987, the §§ 1981, 1983, and 1985 claims appear to be timely under the two year statute of limitations. Because of changes in the law, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must reject, in part, the conclusions of law in the Report as to whether the §§ 1983 & 1985 claims are barred. The Court agrees, but for different reasons, that the § 1981 claim is probably not time barred.

■ Additionally, the Court rejects the conclusion that the § 1986 claim is barred. The Report correctly states that Congress provided in § 1986 an express, one year statute of limitations period—*see Harris v. City of Canton,* 725 F.2d 371, 375 n. 4 (6th Cir.1984) (Jones, J.); *Givan v. Greyhound Lines, Inc.,* 616 F.Supp. 1223 (S.D.Ohio 1985). In response, Walker has raised an interesting argument—that Ohio's Savings Statute, Ohio Rev.Code Ann. § 2305.19[1] saves his §§ 1983, 1985, and 1986 actions. The argument, which here need only be applied as to the § 1986 action,[2] is unsuccessful for several reasons. First, unlike §§ 1981, 1983 and 1985, Congress provided an express, statutory one year limitations period in § 1986; there is no need to engraft a state savings provision to this statute where Congress has chosen not to do so. *Cf. Hardin v. Straub,* —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) (Reversing the Sixth Circuit, and holding that in § 1983 actions, where federal courts

must borrow applicable state statute of limitations and the coordinate tolling rules—*Board of Regents, University of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), federal courts should give effect to state's provisions for the tolling the limitations period for prisoners.)

Second, even if the Court could borrow, for § 1986 actions, Ohio's tolling rules for state statute of limitations—*Board of Regents v. Tomanio,* 446 U.S. at 483, 100 S.Ct. at 1794, 64 L.Ed.2d 440 (1980), all of the conditions for the savings statute would not be met. Walker argues that he filed a previous § 1983 lawsuit, *Walker v. Celeste, et al.,* Case No. 86–4838. Objections to Magistrate's Report, Exhibit J. On November 16, 1986, Judge Manos denied leave to proceed *in forma pauperis* and dismissed the lawsuit without prejudice under 28 U.S.C. § 1915(d). The only common defendant with that suit and the case at bar is Defendant Skinder; and the issues do not appear to be identical.

The problem with the Walker's argument is that the involuntary dismissal, though not on the merits, occurred *before the limitations period had expired for the § 1986 action*— sometime in May–June, 1987. In construing this statute in *Cero Realty Corp. v. American Manufacturers Mutual Ins. Co.,* 171 Ohio St. 82, 167 N.E.2d 774 (1960), the Ohio Supreme Court listed four factors: 1) the action must have been commenced or attempted to be commenced within the applicable period of limitations; 2) the failure of the plaintiff in the action was otherwise than upon the merits; 3) *at the date of such failure, the time limit for commencing the action had expired; and* 4) the plaintiff refiled the action within one year of such failure. *See Harris v. City of*

---

1. That section reads, in pertinent part:
   In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or **if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the** plaintiff ... may commence a new action within one year after such date....
   Ohio Rev.Code Ann. § 2305.19

2. In *Harris v. City of Canton,* 725 F.2d 371, 375 (6th Cir.1984), the Court applied the Ohio Savings Statute, Ohio Rev.Code Ann. § 2305.19 to actions brought under 42 U.S.C. §§ 1981, 1983, and 1985. As to the § 1986 claim in that case, the Court stated that "[s]ection 1986 has its own one year statute of limitation period which appears to foreclose the assertion of a claim on that basis." *Harris, supra,* at 375 n. 4.

*Canton,* 725 F.2d at 375. Thus, since Walker had several months left to refile before the bar of the statute of limitations, he has not met the third factor of the test.

In *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir.1984), Judge Contie stated that "[a]lthough state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." The "statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.,* at 273. In limited circumstances, courts may, on equitable principles, toll the running of statutes of limitations; the proper circumstances for tolling are a matter of federal law.

In substance, Walker argues for equitable tolling. He argues that, while incarcerated after his May, 1986 conviction, he lacked access to the prison law library for several months while he was not placed in the general population, and has furnished several forms showing his requests to use the library. He states that he was ignorant of how to file a lawsuit and, despite his criminal conviction, he lacked any legal experience or knowledge. More importantly, he argues that his Complaint should be deemed filed on May 26, 1987, when he filed his Petition for Leave to Proceed in forma Pauperis, and that the operative conspiracy continued through his sentencing on June 20, 1986. See Amended Complaint; Plaintiff's Motion in Opposition to Summary Judgment at 3; Plaintiff's Objections to Magistrates' Report at 9. Defendants have sought protective orders, and there have been motions to compel discovery.

 In this Circuit, although the date of filing of an *in forma pauperis* petition is not the technical date a Complaint is "filed," the date the pauper files the petition tolls the running of the statute of limitations until the Complaint is actually filed. *Downton v. Vandemark,* 571 F.Supp. 40 (N.D.Ohio 1983) (Walinski, J.) (citing *Mohler v. Miller,* 235 F.2d 153 (6th Cir.1956)); *accord, Salahuddin v. Harris,*

657 F.Supp. 369, 373 n. 3 (S.D.N.Y.1987); *Krajci v. Provident Consumer Discount Co.,* 525 F.Supp. 145, 149 (E.D.Pa.1981).

 There is also a dispute over material facts, and whether circumstances are present to toll; with discovery, Walker should have an opportunity to produce additional evidence for timeliness or tolling. Thus, the conclusion that the § 1986 action is barred must, for now, be rejected.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(C), in light of the record as a whole and intervening caselaw, the Court must REJECT the conclusions as to the §§ 1983, 1985, and 1986 claims in the Report; the conclusion as to the § 1981 claim is AFFIRMED for different reasons.

Accordingly, this case is REMANDED to Magistrate Streepy.

IT IS SO ORDERED.