**Cletus O. ASHIEGBU, Plaintiff,**

v.

**Penny PURVIANCE, et al., Defendants.**

**No. C–2–98–28.**

United States District Court,
S.D. Ohio,
Eastern Division.

Nov. 17, 1998.

Order Denying Reconsideration,
Dec. 17, 1998.

Cletus O. Ashiegbu, Columbus, OH, pro se.

Margaret A. Telb, Employment Law Section, Columbus, OH, for Penny Purviance, Ike Lively, Randy Headley, Joyce Michell, Sue Creager, Joseph Harper, Judy Jones, Randy Ferguston, Sheilba Berger.

Frank H. Cook, Department of Law, Columbus, OH, for Sandy Bartley–Buzas.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on two motions filed by the sole remaining Defendant, Sandra Bartley–Buzas. The first matter for this Court's consideration is Defendant's motion for relief from the scheduling Order of this Court pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). The second matter before the Court is Defendant's motion for summary judgment pursuant to Rule 56. For the reasons set forth below, the Court finds that both motions are meritorious. The Court **GRANTS** Defendant's motion for

relief and **GRANTS** Defendant's motion for summary judgment.

## I. FACTS

On January 8, 1998, Plaintiff, proceeding pro se, filed a document which the Court interprets as his Complaint.[1] Plaintiff brings his Complaint against Sandra Bartley–Buzas ("Defendant") in her individual capacity. (Doc. # 2 at ¶ 1.) Plaintiff apparently alleges that Defendant deprived him of his civil rights by denying him employment with the City of Columbus. Plaintiff alleges that Defendant "occup[ies] high level placement capacity" and "exercise[s] significant placement authorit[y]." (*Id.* at ¶ 2.) Plaintiff further alleges that Defendant is "not [an] ordinary employee[ ] of a mere clerical [routine] duty [sic]." (*Id.*)

From the Court's reading of Plaintiff's Complaint, Plaintiff alleges that he sought work from the City of Columbus. Apparently, Plaintiff believes that Defendant "never made herself available" to see him in response to his desire to work for the City. (*Id.* at ¶ 11.) "Even[ ] when she was in the office, she would still say she was not available. Up to now, she has not responded to a very important referral letter sent to her [on] behalf of the Plaintiff." (*Id.*)

In her motion for summary judgment, Defendant is able to shed some light on Plaintiff's claims. Sometime in 1993— Plaintiff states that it was 1995—Plaintiff walked into the City of Columbus's Mayor's Office and sought employment. Defendant, the Special Assistant to the Mayor for International Affairs, met with Plaintiff. Plaintiff informed Defendant that he was in search of a job and was studying to receive his Masters' degree from The Ohio State University. Defendant told Plaintiff that no jobs were available in the Mayor's Office and that she did not have authority to hire employees. Defendant took a copy of Plaintiff's resume and di-

---

1. The Court received this Complaint on December 29, 1997 along with a motion to proceed in forma pauperis. The Court granted Plaintiff's request to proceed in forma pauperis on January 8, 1998 and the Court filed Plaintiff's Complaint that day.

rected him to the Columbus Civil Service Commission where he could formally apply for a job from the City of Columbus.

Defendant claims that Plaintiff then made a number of unannounced visits to her office. Defendant told Plaintiff that she could not help him. Sometimes, Defendant did not make herself available to Plaintiff due to her schedule.

Around August 1, 1994, Defendant claims she received a referral letter for employment on behalf of Plaintiff from Beth Irvin of the Columbus Convention Center and Visitor's Bureau. The letter indicated that Ms. Irvin was "sending Linda Readey (Community Relations volunteer coordinator for the U.N. Summit on Trade Efficiency being convened in Columbus in October 1994) a copy of [Plaintiff's] resume and this letter" and asked Defendant if she "might have some suggestions" for Plaintiff. (Doc. # 22, Bartley–Buzas Aff. at ¶ 9.) Because the letter was not a request for employment, Defendant claims she took no further action with respect to the letter. (*Id.* at ¶ 11.)

In his Complaint, Plaintiff apparently alleges that Defendant acted in concert with other Defendants (previously dismissed by Order of this Court) to collectively conspire to violate Plaintiff's rights. In addition, Plaintiff claims that Defendant discriminated against him by not allowing him to find work with the City. In furtherance of his claim, Plaintiff alleges in his Complaint that Defendant violated 42 U.S.C. §§ 1980 – 1986 (1996) and Title VII of the Civil Rights Act of 1964 (including 42 U.S.C. § 2000e (1996)).[2] In his demand, Plaintiff seeks over $20 million. Defendant now moves for summary judgment on all of Plaintiff's claims against her.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only in a limited number of circumstances.

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that summary judgment shall be granted only:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing the absence of a genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). This burden on the moving party may be discharged by "showing" that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Supreme Court held that the standard of summary judgment "mirrors the standard for a directed verdict under Federal Rules of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This is true where, for instance, the dispute turns only on a legal question and the moving party must prevail as a matter of law even if the court were to resolve all factual disputes in favor of the non-moving party. *See Ross v. Franzen,* 777 F.2d 1216, 1222 (7th Cir.1985).

In addition, a summary judgment motion requires special treatment of the record. The Court "must view the evidence presented through the prism of the substantive evidentiary burden" and determine "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict...." *Anderson,* 477 U.S. at 252, 106

---

**2.** Although Defendant believes that Plaintiff brings a cause of action under 18 U.S.C. § 241, the Court finds that Plaintiff only cites that statute as a reference. Plaintiff cannot bring criminal charges against Defendant.

S.Ct. 2505; *see also Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Nonetheless, in making this determination the Court may not impinge upon the proper function of the jury. Therefore, all of "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. If the nonmoving party presents evidence that is "merely colorable" or "not significantly probative," then summary judgment must be granted. *See Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

In this case, Plaintiff is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Indeed, courts should not assume the role of advocate for the pro se litigant. *See Hall*, 935 F.2d at 1110. It is with these standards in mind that the instant motion must be decided.

## III. ANALYSIS

Defendant seeks dismissal of Plaintiff's Complaint on a number of different grounds. The Court will consider her arguments in the order presented in her motion. (*See* Doc. # 22 at 5–13.) However, before examining Defendant's motion for summary judgment, the Court must examine Defendant's motion for relief.

### A. Motion for Relief

On October 30, 1998, Defendant filed a motion for relief from judgment pursuant to Rule 60(b). Rule 60(b) allows a court to "relieve a party or a party's legal representative from [an] ... order ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." Fed.R.Civ.P. 60(b).

In this case, the basis of Defendant's motion is excusable neglect. Specifically, Defendant indicates that "Defendant's counsel was preparing for two trials set during and shortly after that time period. The filing period was inadvertently missed as a result. The three-week delay in filing the Motion was excusable neglect." (Doc. # 27 at 2.) In the motion, Defendant also indicates that "Plaintiff was not materially harmed by the three-week delay and was given ample opportunity by the Court to respond to [D]efendant's Motion for Summary Judgment after it was filed, including an extension of time to respond to the Motion." (*Id.*)

On November 9, 1998, Plaintiff filed his memorandum in opposition to Defendant's motion for leave. In his memorandum, Plaintiff contends that Defendant's argument is not satisfactory. Plaintiff states that "Defendant's claim that her counsel was preparing [for two] trials during the period is not a genuine exculpatory statement and, therefore, not a substantial ground for excusable neglect." (Doc. # 29 at 4.) Plaintiff does not specifically address, however, whether he suffered any undue prejudice from the delay.

To be entitled to relief because of "excusable neglect" under Rule 60(b)(1), a

party must obviously show that the mistake was excusable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In addition, the movant most show that the non-movant will not be prejudiced by relief from judgment. *See, e.g., id.* at 397, 113 S.Ct. 1489; *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir.1996). In *Pioneer*, the Supreme Court considered several circumstances relevant to the excusable neglect determination, including the length of the delay and its potential impact on the judicial proceedings, as well as the reason for the delay (including whether the delay was within the reasonable control of the movant) and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. Excusable neglect cannot, however, be based on the fact that the procedural error was attributable to counsel rather than to the represented party. *See id.* at 397.

■ In this case, the Court finds that Defendant should be entitled to relief from this Court's scheduling Order. However, the Court does not necessarily believe that Rule 60(b) is the appropriate mechanism for the relief Defendant seeks. Instead, the Court finds that Defendant is entitled to relief under Local Rule 16.2. Under Local Rule 16.2, the Court may modify scheduling Orders "upon a showing of good cause." S.D.Ohio L.R. 16.2. The "good cause" showing is something less than the standard required under Rule 60(b). In the interest of justice and in the interest in allowing a speedy resolution of this case, the Court finds that good cause exists to justify a three-week extension of the dispositive motion filing date. Accordingly, the Court **GRANTS** Defendant's motion on the basis of the Local Rule. However, even if the Court were to consider the standards of excusable neglect, the Court's decision would be the same.

■ In reviewing the factors to be considered in deciding a motion for relief, the Court finds that Defendant's error was made in good faith and does not unduly prejudice Plaintiff. Plaintiff had the opportunity to respond to Defendant's motion and set forth his arguments as to why summary judgment should not be granted. In this case, if the Court does not allow Defendant her relief, a lawsuit may proceed unnecessarily to trial as a result of Defendant's failure, wasting valuable judicial resources. After weighing all of these factors, the Court finds that even if Defendant is not entitled to a modification of this Court's scheduling Order under Local Rule 16.2, Defendant is entitled to relief under Rule 60(b)(1). Thus, the Court allows Defendant to proceed before the Court on its motion for summary judgment.

### B. Motion for Summary Judgment

Defendant seeks summary judgment on Plaintiff's claims on a number of different grounds, including an argument that Plaintiff's claims are barred by the applicable statute of limitations; an argument that Plaintiff cannot establish all of the essential elements of his claims; and an argument that Defendant is entitled to qualified immunity. The Court considers each argument in order.

#### 1. Statute of Limitations

■ The first ground upon which Defendant seeks dismissal is that Plaintiff's claims under Title VII and §§ 1983, 1985 and 1986 are barred by the applicable statute of limitations. As Defendant notes, the appropriate statute of limitations "governing § 1983 actions arising in Ohio is two years." *Harris v. Board of Educ.*, 798 F.Supp. 1331, 1342 (S.D.Ohio 1992) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989)). Further, the applicable statute of limitations for claims under § 1985 is two years. *See Walker v. City of Lakewood*, 742 F.Supp. 429, 430–31 (N.D.Ohio 1990). The statute of limitations for § 1986 claims is one year. *See Harris v. City of Canton*, 725 F.2d 371, 375 (6th Cir.1984). Finally, under Title

VII, generally, plaintiffs must file a charge of discrimination (1) with the Equal Employment Opportunity Commission within one hundred and eight days after the unlawful employment practice occurred or (2) within three hundred days after the unlawful employment practice if plaintiffs filed a charge with the Ohio Civil Rights Commission ("OCRC"). *See* 42 U.S.C. § 2000e–5 (1994); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); 29 C.F.R. § 1601.80 (1998) (OCRC is Ohio's deferral agency).

In this case, the Court cannot determine when the alleged incidents of discrimination occurred. In his Complaint, Plaintiff fails to detail when these events allegedly occurred. Defendant argues that Plaintiff visited her office "in 1993" and she received a referral letter about Plaintiff "on or about August 1, 1994." (Doc. # 22 at 5.) Consequently, Defendant argues that the statute of limitations on all of Plaintiff's claims ran, at the latest, in 1996. This Court received Plaintiff's Complaint on December 27, 1997. Thus, under Defendant's calculus, Plaintiff's Complaint is barred by the statute of limitations.

Plaintiff disputes the sequence of events as described by Defendant. Plaintiff argues that the events occurred in 1994 and 1995. (Doc. # 26 at 3.) Plaintiff further indicates that Defendant received another referral letter on August 7, 1995. (*Id.* at 9.) Even under Plaintiff's calculus, the statute of limitations ran well before Plaintiff filed his Complaint.

Nevertheless, Plaintiff also argues that the violation he suffered was "continuous" and, thus, the statute of limitations did not run. The Sixth Circuit addressed the issue of a "continuing" civil rights violation in *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988). In that case, the court held, *inter alia*, that an alleged wrongful action causing an undercover police officer to be arrested and incarcerated did not constitute a continuing tort. *Id.* In making its decision, the court relied on the Ninth Circuit's ruling that a "continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Id.* (citing *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981) (holding that continuing non-employment resulting from an original action is not a continual violation)). Moreover, if a continuing tort is deemed to have occurred, the cause of action does not accrue until the wrongful conduct ceased. *See id.*

In this case, Plaintiff alleges that the discrimination he suffers is "on going." (Doc. # 26 at 13.) Further, Plaintiff indicates that Defendant persistently refuses to place Plaintiff in a job. (*Id.*) Viewing the evidence in a light most favorable to Plaintiff, Plaintiff alleges that Defendant continually refuses to deny him employment. Although the Court believes that Plaintiff is complaining about Defendant's refusal of employment that occurred sometime in August 1995 at the latest, because Plaintiff's Complaint suffers from many deficiencies outlined below, the Court accepts Plaintiff's arguments that his claim is not barred by the statute of limitations due to a continuous and on-going violation of his rights. Therefore, Defendant's argument that Plaintiff's claims are barred by the statute of limitations is without merit.

### 2. Failure to State a Claim

Because the Court finds that Plaintiff's claims are not barred by the statute of limitations, the Court turns to the substance of each of Plaintiff's claims.

### a. Section 1983 Claim

The Court first addresses Plaintiff's § 1983 claim.[3] Section 1983

---

**3.** As an aside, in her motion, Defendant cites to a number of unpublished opinions without attaching a copy of those opinions for the Court (and Plaintiff) in violation of Local Rule 7.2(b)(4). Because Plaintiff has been prejudiced by not receiving a copy of these unpublished opinions, the Court will not consider these opinions in deciding Defendant's mo-

claims are subject to the liberal federal rules of "notice pleading." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). To establish liability under § 1983 against state (or municipal) officials acting in their individual capacities, a plaintiff need only show that the officials, acting under color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)). In other words, the terms of § 1983 demand only two allegations: (1) that a person deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the person acted under color of state law when depriving the plaintiff of the federal right. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991).

 Plaintiff's Complaint fails to allege that Defendant acted under color of state law when allegedly depriving Plaintiff of a federal right. Furthermore, Plaintiff cannot show a deprivation of his Fifth, Eighth, Thirteenth and Fourteenth Amendment rights. It is well established that a pleading is insufficient to state a claim under § 1983 if the allegations are merely conclusory. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987); *Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir. 1987) (per curiam); *Wolfel v. United States,* 711 F.2d 66, 67 (6th Cir.1983). Plaintiff only sets forth wholly conclusory allegations that his constitutional rights were violated with no specific factual allegations. Accordingly, the Court finds that Plaintiff fails to state a claim upon which

relief can be granted under § 1983 for a violation of a constitution right.

### b. Title VII and Section 1983 Disparate Treatment Claim

 Moreover, the Court also construes that Plaintiff's § 1983 claim is based upon Plaintiff's theory that Defendant denied him employment based upon his national origin and race. This claim is a disparate treatment claim, much like Plaintiff's Title VII claim. Because of the similarity of the claims, the Court examines the Title VII and § 1983 claims together. *Cf. Grano v. Department of Dev.,* 637 F.2d 1073, 1082 (6th Cir.1980).

In order to succeed on his Title VII claim, Plaintiff must follow the tripartite analysis first established in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later clarified by *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Under the rules set forth in these two cases, Title VII cases require three stages of proof. First, the plaintiff must prove a prima facie case of discrimination. *See Burdine,* 450 U.S. at 252–53, 101 S.Ct. 1089 (citing *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). If the plaintiff establishes its prima facie case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). If the defendant carries this burden, the plaintiff must prove that the proffered reasons were pretextual. *See id.* (citing *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817). Pretext is established by a direct showing that a discriminatory reason more likely motivated the employer or by an indirect showing that the employ-

---

tion for summary judgment. For future reference, the Court reminds Defendant's counsel that when citing unpublished opinions, copies of those opinions should be attached to the relevant brief—especially in cases involving pro se litigants who should not be expected to have copies of those opinions. *See* S.D.Ohio L.R. 7.2(b)(4).

er's explanation is not credible. *See id.* at 256, 101 S.Ct. 1089.

██ When a plaintiff attempts to establish its case using the *McDonnell Douglas–Burdine* paradigm, the evidence which establishes the prima facie case is extremely important. In order to prove a prima facie case of discrimination, a plaintiff must show: (1) that he is a member of a protected group; (2) that he applied for and was qualified for the position; (3) that, despite his qualifications, he was rejected for the position; and (4) that either the position was filed by a person outside of the protected class or that the position remained open. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817.

In this case, Plaintiff can demonstrate the first (and possibly the second) element of the prima facie case but cannot demonstrate the third or fourth elements of his claim. Simply put, the record contains no evidence that a job was available within Defendant's office or that Plaintiff was rejected (or even considered) for a position in Defendant's office. Consequently, Plaintiff cannot establish his prima facie case of discrimination under Title VII nor a claim of discrimination under § 1983. *Cf. Grano,* 637 F.2d at 1082. Plaintiff fails to set forth sufficient evidence necessary to establish his prima facie case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

### c. Section 1982 Claim

██ Next, Defendant seeks dismissal of Plaintiff's 42 U.S.C. § 1982 claim arguing that the claim fails to state a cause of action. Section 1982 reads, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982 (1994). Section 1982 deals only with "racial discrimination in the rental and sale of property and enforceable only by private parties acting on their own initiative. . . ." *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 417, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). In his Complaint, Plaintiff alleges no set of facts that would entitle him to relief under § 1982. Plaintiff does not allege that Defendant discriminated against him with respect to the sale or rental of property; instead, Plaintiff alleges that Defendant kept him from getting a job with the City. Accordingly, the Court finds that Plaintiff fails to state a claim against Defendant under § 1982.

### d. Sections 1985 and 1986 Claims

██ Defendant also seeks dismissal of Plaintiff's conspiracy claims brought under 42 U.S.C. §§ 1985 and 1986. In order to establish a conspiracy claim under § 1985, a plaintiff must prove "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir.1994).

██ The Court finds that Plaintiff fails to state a claim under § 1985 because he does not allege any facts that would entitle him to relief. Under § 1985, a plaintiff must plead his civil rights conspiracy charge with factual specificity; mere conclusory allegations will not survive a motion to dismiss. *See Rogers v. Mount Union Borough,* 816 F.Supp. 308, 312 (M.D.Pa.1993). The specificity required by § 1985 requires a plaintiff to allege (1) specific conduct that violated his rights, (2) the time and place of that conduct and (3) the identity of the responsible parties. *See Hurt v. Philadelphia Hous. Auth.,* 806 F.Supp. 515, 529 (E.D.Pa.1992) (citing *Pratt v. Thornburgh,* 807 F.2d 355, 357 (3d Cir.1986)). Plaintiff fails to fully allege the time and place of the conduct in his Complaint. Thus, the Court finds that Plaintiff fails to properly plead his conspiracy claim.

■ Furthermore, a plaintiff fails to state a claim under § 1985(3) if he fails to make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish, at least by inference, the requisite "meeting of the minds" essential to the existence of a conspiracy. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (finding plaintiff failed to state a claim for conspiracy where plaintiff failed to allege facts sufficient to conclude that a meeting of minds occurred); *Francis–Sobel v. University of Me.,* 597 F.2d 15, 17 (1st Cir.1979) (finding plaintiff failed to state a claim for conspiracy where plaintiff failed to allege facts sufficient to link alleged conspirators in conspiracy). In this case, Plaintiff fails to provide sufficient factual allegations to show that Defendant conspired with anyone. *See Francis–Sobel,* 597 F.2d at 17. Therefore, the Court finds that Plaintiff fails to state a claim that would entitle him to relief under § 1985.

Because Plaintiff fails to state a claim under § 1985, Plaintiff cannot recover for an alleged violation of § 1986. *See McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990); *Grimes v. Smith,* 776 F.2d 1359, 1363 n. 4 (7th Cir. 1985). Accordingly, the Court finds that Plaintiff fails to state a claim under § 1986.

Thus, the Court finds that Defendant's argument that Plaintiff fails to state a claim is meritorious. Nevertheless, for the sake of thoroughness, the Court examines Defendant's final argument that she is entitled to qualified immunity.

### 3. Qualified Immunity

■ Last, Defendant claims that she is entitled to qualified immunity for her actions with respect to Plaintiff's claims. Generally, municipal officials have qualified immunity from individual liability for damages that have resulted from exercising discretionary functions. *See Mumford v. Zieba,* 4 F.3d 429, 432 (6th Cir. 1993). This liability protects these officials only "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would person would not have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 812, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In her motion, Defendant asserts that she is an employee of a municipal government. (Doc. # 22 at 2.)

As the Supreme Court noted, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (citing *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727). Arguably, Plaintiff's only claim against Defendant is that she kept him from getting a job; in Plaintiff's words, Defendant kept him "unemployed for too long." (Doc. # 2 at ¶ 14.) This allegation does not state a claim for violating a clearly established law. Without more, the Court finds that Plaintiff has not alleged sufficient facts that would entitle him to relief on his claims under either §§ 1981, 1982, 1983, 1984, 1985 or 1986. Defendant is entitled to qualified immunity on these claims.

### 4. Summary

In summary, the Court finds that Defendant is entitle to summary judgment on all of Plaintiff's claims against her. Plaintiff cannot establish a genuine issue of material fact on any of his claims under Title VII or 42 U.S.C. §§ 1980–1986. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment.

## IV. CONCLUSION

Upon consideration and being duly advised, the Court **GRANTS** the motion for relief pursuant to Rule 60(b) and **GRANTS** the motion for summary judgment filed by Defendant Sandra Bartley–Buzas. The Court **DISMISSES** the remainder of Plaintiff's Complaint **WITH PREJUDICE.**

The Court **ORDERS** the Clerk of Courts to enter judgment in favor of all Defendants and against Plaintiff. This case is **TERMINATED.**

**IT IS SO ORDERED.**

### ORDER

■ This matter is before the Court on a document which this Court construes as a motion to reconsider this Court's judgment against Plaintiff and for Defendant. In an Opinion and Order issued on November 17, 1998, this Court granted the motion to dismiss filed by Defendant, Sandi Buzas–Bartley. (Doc. # 30.) On November 23, 1998, Plaintiff filed his motion to reconsider. (Doc. # 32.) On December 8, 1998, Plaintiff filed a notice of appeal. (Doc. # 33.) Because Plaintiff filed a notice of appeal after filing a motion for reconsideration, this Court must determine whether it has jurisdiction over Plaintiff's motion or whether the notice of appeal divests this Court's jurisdiction to determine Plaintiff's motion. Thus, before addressing Plaintiff's motion for reconsideration, the Court examines whether it has jurisdiction.

The Supreme Court stated the controlling legal principal for this situation in *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) The *Griggs* Court noted that:

> The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the court over those aspects of the case involved in the appeal.

*Griggs,* 459 U.S. at 58, 103 S.Ct. 400. Thus, the Court begins with the presumption that Plaintiff's notice of appeal divests this Court of its jurisdiction. The question for the Court is whether the Plaintiff's pending motion to reconsider affects this presumption.

■ In the Sixth Circuit, motions for reconsideration are properly construed as motions to alter or amend judgment under Rule 59(e). The Federal Rules of Appellate Procedure expressly authorizes the district court to entertain a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59 after a final judgment has been entered. *See* Fed.R.App.P. 4(a)(4)(A)(iv); *Griggs,* 459 U.S. at 59, 103 S.Ct. 400. Indeed, a timely Rule 59 motion will toll the time period for filing a notice of appeal and any notice of appeal filed while a timely Rule 59 motion is pending has no effect. *See* Fed.R.App.P. 4(a)(4)(A)(iv).

In order to be timely, a motion under Rule 59(e) must be filed no later than ten days after the entry of the judgment. *See* Fed.R.Civ.P. 59(e). In this case, Plaintiff filed his motion for reconsideration four days after the entry of judgment. *See* Fed.R.Civ.P. 6(a), 6(e), 59(e). Because Plaintiff's motion under Rule 59 is timely, the filing of the motion tolls the period for filing an appeal. Therefore, the Court may properly consider Plaintiff's motion for reconsideration.

In the November 17 Opinion and Order, this Court found that Plaintiff failed to state a claim for relief. Plaintiff's motion for reconsideration again details his belief that a conspiracy exists to keep him from being employed. Upon review of the motion, nothing stated in that motion convinces this Court that its prior ruling was in error. Consequently, upon consideration and being duly advised, the Court **DENIES** Plaintiff's motion. The Court **ORDERS** the Clerk of Courts to enter another judgment for Defendants and against Plaintiff. This case is **TERMINATED.** Plaintiff may proceed with his appeal before the Sixth Circuit. *See* Fed.R.App.P. 4(a)(4)(B)(I).

**IT IS SO ORDERED.**