OPINION
Joseph McGrath appeals from the judgment of the Ashtabula County Court of Common Pleas. McGrath is a prisoner who filed suit against appellees, Management Training Corp. and Management Corp. for Lake Erie Correctional Institution. Appellees operate a prison in which McGrath was incarcerated during May and June of 2000. McGrath's lawsuit alleged several torts. Upon appellees' motion, the trial court dismissed McGrath's suit for failing to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6).
McGrath's complaint alleged that when he was transferred into the Lake Erie Correction Institution ("L.E.C.I.") on May 16, 2000, he brought Tylenol, nasal spray, and ear-drops with him. McGrath claims these items were "approved" by the Ohio Department of Rehabilitation and Corrections. Upon arrival, these items were taken from him, pending the approval of L.E.C.I.'s medical department. They were never returned, and he claims the lack of these items caused him injury.
McGrath's complaint stated that he has certain medical conditions which require special consideration. Specifically, McGrath stated he has had open-heart surgery as the result of a gunshot wound, that he has a bad back, and that he has a "chip" in his left knee. On May 18th, McGrath put in a formal request to get a bottom bunk restriction and to see a medical doctor to obtain anti-inflammatory pain medication to alleviate his conditions. McGrath claims he needs a bottom bunk due to his medical conditions. Initially, McGrath was randomly assigned to a bottom bunk. However, on approximately June 1st, he was reassigned to a top bunk. McGrath initiated the administrative procedures for bringing an informal complaint. On June 20th, McGrath was reassigned to a bottom bunk, having spent nineteen nights on the top.
On May 29th, McGrath was examined by a nurse and "put on a list to see a doctor." His claim stated he was told he could not get any medication at that time, and that no medication, not even aspirin, could be dispensed without a doctor's approval. The items he had brought with him were not returned. On June 13th, he was issued a medical pass to see a doctor. However, the doctor apparently ran out of time, and the visit was rescheduled for June 27th. His claim stated he was then told that, in the meantime, medicine like Ibuprofen could be purchased at the commissary.
Additionally, McGrath alleged that, while this was ongoing, he approached the warden to discuss his situation. He claims that the warden said "McGrath, you're stalking me, I told you I'd see what I could do." McGrath alleged this was said in front of a number of other prisoners and consequently damaged his reputation.
McGrath's suit alleged conversion, defamation, and intentional infliction of emotional distress, resulting in the infliction of physical, mental, and emotional pain. He sought $100,000 in compensatory damages and $150,000 in punitive damages.
On December 28, 2000, appellees filed a motion to dismiss McGrath's complaint pursuant to Civ.R. 12(B)(6). On January 8, 2001, McGrath filed a reply in opposition to appellees' motion "and/or" a request for leave of the court to amend the claim. In this response, McGrath restated his allegations, adding no new factual allegations. He argued that the warden's statement met all the elements of defamation. He argued that his complaint, as filed, was a valid complaint and asked the court to overrule appellees' motion to dismiss. McGrath's reply essentially restated the original complaint and argued its validity. On January 30, 2001, the trial court granted appellees' motion to dismiss. From this judgment, McGrath timely filed his appeal, assigning the following error:
 "The trial court improperly entered a judgment on the proceedings [sic] in favor of the defendants without first notifying the plaintiff of any deficiencies in the complaint and/or giving plaintiff notice that he could amend the complaint by a specific time."
 Civ.R. 12(B)(6) tests the legal sufficiency of a complaint. It presents a question of law. The standard a court should apply in evaluating such a motion was set forth in State ex rel. Hanson, wherein the court stated:
 "`In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted. All reasonable inferences must also be drawn in favor of the nonmoving party. Then, before the court may dismiss the complaint, * * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *.'" (Citations omitted.) State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548.
 In this case, we are presented with a complaint filed by a pro se litigant. While pro se litigants, as such, receive a degree of special consideration, this court has previously held that "`[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors.' (Citations omitted.)" Karnofel v. Cafaro Mgt. Co. (June 26, 1998), Trumbull App. No. 97-T-0072, unreported, 1998 Ohio App. LEXIS 2910, at *6, quoting Meyers v. First Nat'l Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210. With respect to pro se pleadings, the United States District Court for the Southern District of Ohio has stated:
 "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements. See Hall v. Bellmon (10th Cir. 1991), 935 F.2d 1106, 1110. This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial. See Pilgrim v. Littlefield (6th Cir. 1996), 92 F.3d 413, 416. Indeed, courts should not assume the role of advocate for the pro se litigant." (Emphasis added.) Ashiegbu v. Purviance (S.D.Ohio 1998), 74 F. Supp.2d 740, 746.
 In the context of evaluating the consequences of a litigants failure to comply with App.R. 16(A)(7), this court noted that it "would be manifestly unfair to the opposing parties" for this court to step into the role of advocate for a party and to do the work the party should itself have done. Cominsky v. Malner (Dec. 29, 2000), Lake App. No. 98-L-242, unreported, 2000 Ohio App. LEXIS 6205, at *15. A trial court does not have the duty of assisting a pro se litigant in the practice of law. It is not the trial court's job to clean up deficient pleadings. Applying the standard set forth in State ex rel. Hanson, based upon the material before the court, the trial court did not err in granting the motion to dismiss.
With respect to the issue specifically posed by McGrath's assignment of error, of whether the trial court needed to notify him that there were deficiencies in his complaint and/or giving him notice that he could amend the complaint, McGrath's arguments are without merit. McGrath was put on notice that there may be deficiencies in his complaint when he received a copy of appellees' motion. McGrath filed a reply to this motion in which he, in effect, filed an amended pleading supplemented by argument. It is clear that McGrath understood there was a rule regarding the amendment of pleadings. The decision of whether to allow the amendment of a pleading pursuant to Civ.R. 15(A) is within the sound discretion of the trial court. Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175. The Supreme Court of Ohio has set forth the following guidelines for situations in which a trial court intends to dismiss a complaint pursuant to Civ.R. 12(B)(6):
 "If a motion for failure to state a claim is sustained, `leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect.' McCormac, Ohio Civil Rules of Practice (2 Ed. 1992) 150, Section 6.20." State ex rel. Hanson, 65 Ohio St.3d 545 at 549.
 Having reviewed the entire record in this matter, we conclude the trial court did not abuse its discretion in declining to allow further amendment of McGrath's complaint. McGrath's assignment of error is without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, FORD, J., GRENDELL, J., concur.