File Name: 07a0865n.06

Filed: December 19, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-2397

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN STANLEY CLARK,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____/

Before:      KENNEDY, MARTIN, and CLAY, Circuit Judges.

      BOYCE F. MARTIN, JR., Circuit Judge.  John Clark pled guilty to attempting to receive child pornography and possession of child pornography but reserved his right to appeal the district court's denial of his motion to suppress the evidence. We find no error in the district court's opinion and therefore AFFIRM.

I

      As part of an undercover investigation of purchasers of child pornography, Postal Inspector Richard Irvine placed an internet add offering child pornography.  Someone contacted Irvine by email expressing interest, and the two exchanged emails about the cost, delivery method, and content of the tapes.  Irvine sent a letter of confirmation to "J.S. Clark at 116 S. Alger Street, Lansing, Michigan 48917" requesting that Clark email him the code phrase "Go Red Sox" to verify his address.  Irvine received the code phrase.  Postal Inspector Arthur Van de Putte prepared a package

with known tapes of child pornography, and did further research on the Alger Street address. He found that Dennis Dewey and John Clark lived there, and that the IP address from which the emails were sent was registered to Dewey at 116 S. Alger Street.

Van de Putte then sought an anticipatory search warrant to be executed upon delivery of the two videotapes. In his affidavit he stated that based on his experience in investigating child pornography, collectors often kept their materials for extended periods of time in safe places like their residence. He also averred that computers are often used to find and store the material. Based on his affidavit, Magistrate Judge Carmody issued a search warrant for the 116 S. Alger address for materials including the two videotapes, computers and related equipment, and child pornography in any form.

The controlled delivery was performed on April 21, 2004. After being informed that his package had arrived, Clark returned home and was interviewed by the agents. He confessed to possessing child pornography and said he had many images on his computer. The agents seized two computers and numerous disks, and found images of child pornography on the computers and some of the disks.

Clark moved to suppress this evidence on a number of grounds. He argued that the warrant does not show any probable cause to believe that child pornography would be found in his residence other than the delivered videotapes. He also argued that the warrant was not sufficiently particular since it allowed searching the whole computer instead of searching only for the known correspondence related to his purchase of child pornography.

The district court rejected his arguments, finding that the affidavit created probable cause to believe that Clark used his computer to obtain and store images of child pornography in addition to

the known emails, and that the warrant to seize and search his whole computer met the particularity requirement.

Clark entered a plea agreement and was sentenced to 57 months imprisonment and three years of supervised release. He reserved his right to appeal the suppression issue.

II

We review questions of law, including the determination of probable cause, *de novo*. *Ornelas v. United States,* 517 U.S. 690, 699 (1996). Review of historical fact is only for clear error and must give due weight to inferences drawn from those facts by resident judges and local law enforcement officers. *Id*. This Court must also ensure on review that the magistrate had a "substantial basis" for finding probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

We find no error in the well-reasoned opinion of the district court, and there is no need to repeat its reasoning here. We therefore AFFIRM.