NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0008n.06

No. 08-4384

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 05, 2010**
LEONARD GREEN, Clerk

TIMOTHY D. DOTSON,

    Plaintiff-Appellant,

v.

N. EDWARD LANE, JR., et al.,

    Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN and WHITE, Circuit Judges, and ZOUHARY, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Timothy Dotson appeals a district court's *sua sponte* dismissal of his claim against appellees Judge N. Edward Lane, Jr., Kevin Rings, and James W. Adams under 28 U.S.C. § 1985. As Dotson's claims of civil rights violations resulting in his conviction would have required the district court to set aside his criminal conviction by the state of Ohio, the district court did not err in finding that his sole course of relief was that of a writ of habeas corpus. However, the district court did err by failing to give notice that it intended to treat Dotson's civil rights claim as a habeas petition. We therefore **AFFIRM** the district court's dismissal of Dotson's civil rights claim and **VACATE** the district court's order to the extent that it purports to address a habeas petition.

**I.**

_____

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

On December 21, 1989, Dotson pled guilty to two counts of rape, two counts of sexual imposition, and two counts of gross sexual imposition and was sentenced to 10-25 years with an additional 5 years to run concurrent. Rings was the prosecuting attorney and Adams represented Dotson in his hearing before the Washington County Court of Common Pleas. He is presently incarcerated at the Chillicothe Correctional Institution in Ohio. On October 13, 1993, Judge Lane was assigned to preside over the case.

On April 25, 2008, Dotson filed a 42 U.S.C. § 1985 case seeking substantial money damages against Judge Lane, Rings, and Adams for civil rights violations. Dotson's first complaint alleges that, pursuant to 28 U.S.C. § 1983, "[b]y fraud and deception," Judge Lane, Ring, and Adams "have held and convinced Dotson to serve time for a crime that never happened." On May 8th, Dotson moved to correct a clerical error in the civil cover sheet which stated that the action was based on section 1983, rather than section 1985.

On May 13th, United States Magistrate Judge Mark Abel filed his Report and Recommendation regarding Dotson's district court case. In his report, Magistrate Judge Abel noted that the district court was treating Dotson's civil rights complaint as a habeas petition under 42 U.S.C. § 2254. The Report and Recommendation stated that, although Dotson's complaint requested only money damages, any decision in Dotson's favor would invalidate his conviction and sentence. Magistrate Judge Abel concluded that Dotson's sole remedy was habeas corpus. Magistrate Judge Abel further concluded that Dotson's filing exceeded the one-year statute of limitations for habeas cases, 42 U.S.C. § 2254(d)(1), and should be summarily dismissed.

On May 20th, Dotson filed an objection, taking issue with the court's characterization of his case as having been brought under section 1983 rather than under section 1985. Dotson also objected to the court's construing his filing as a habeas petition and argued that he was not a "state prisoner" within the meaning of section 2254 because he is in state custody pursuant to the judgment of a county court rather than a court exercising state-wide jurisdiction.

On August 27th, upon *de novo* review of the Report and Recommendation, United States District Judge George Smith filed an order adopting the Report and Recommendation, stating that Dotson's filing challenged his confinement and that, therefore, Dotson's "sole federal remedy is habeas corpus." As Dotson's petition was filed over a year after AEDPA's effective date, April 24, 1996, it appeared untimely, and the district court dismissed Dotson's claims *sua sponte*. The district court filed its judgment order on August 28th.

On September 3rd, Dotson filed a motion for relief from the district court's judgment, repeating the arguments posed in the previous filing. The district court denied the motion on September 8th. The district court found Dotson's argument that he is not a "state prisoner" unavailing as he is an inmate at the Chillicothe Correctional Institution, an Ohio state prison.

Dotson timely filed a notice of appeal and a statement of indigence on September 9th. On September 24th, the district court entered an order denying Dotson's application for leave to appeal *in forma pauperis*, reasoning that his appeal was frivolous. On April 6, 2009, we granted Dotson's motion to proceed *in forma pauperis* when we granted his certificate of appealability.

**II.**

Dotson claims that the district court erred in construing his suit, filed under section 1985,[1]

as a habeas petition.

We review questions of law *de novo*. *United States v. Clark*, 257 F. App'x 991, 992 (6th Cir.

2007) (citing *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

The district court held that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477

(1994), barred Dotson's claims for damages under 42 U.S.C. § 1983. Under *Heck* and its progeny,

a state prisoner cannot state a cognizable claim under sections 1983 *or* 1985 "if a ruling on his claim

would necessarily imply the invalidity of his conviction and confinement until such time that the

conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v.*

*Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 486-87) (extending *Heck*

to apply to claims under section 1985); *Hunt v. Hutting*, 187 F.3d 635 (Table), 1999 WL 623735,

at *1 (6th Cir. Aug. 11,1999). Dotson seeks monetary damages arising out of his conviction and

claims no injury distinct from his conviction. Since he essentially attacks the lawfulness of his

conviction without first having that conviction set aside, his tendered complaint failed to state a

claim under *Heck*. Thus, as Dotson could not bring a claim under either section 1983 or section

---

[1] We must first note that the district court did err in referring to Dotson's claim as a section 1983 claim rather than a section 1985 claim as he had previously filed a motion to correct the clerical error mis-classifying this claim. However, for the reasons below, this error was harmless as his claims fail whether they are classified under section 1983 or section 1985.

1985[2] without first having his conviction set aside, Dotson's sole avenue of relief is that of a writ of

habeas corpus.[3]

Dotson argues that the district court failed to construe his complaint liberally in reading it as

a request for a writ of habeas corpus with its attendant procedural restrictions. Dotson is correct that

courts must liberally construe documents submitted by *pro se* litigants. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, the court did so by

ascribing to Dotson his only viable claim: that of a habeas petition.

---

[2] Even if he had been able to proceed with a claim under section 1985, Dotson's claim was not filed within the relevant statute of limitations. For cases brought pursuant to section 1985, courts borrow the applicable state statute of limitations. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660–61 (1987) (directing federal courts to apply the most appropriate or analogous state statute of limitations in §§ 1981-1985 actions). A two-year statute of limitations applies to section 1985 cases brought in the state of Ohio. *See, e.g.*, *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 747 (S.D. Ohio 1998). While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law. *See LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Here, the wrongdoing complained of accrued in 1989 when Dotson pled guilty and was convicted. Dotson did not file his complaint in this case until April 25, 2008, more than sixteen years after the statute of limitations expired on his claim under section 1985. Dotson also failed to state a claim under section 1985 because he did not allege that the conspiracy was motivated by racial or other class-based invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Dunn v. Tennessee*, 697 F.2d 121, 124 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983).

[3] Dotson argues that, because he was sentenced by a county court rather than by a state court, he does not qualify as a "state prisoner" under section 2254 for habeas relief. However, as county courts are arms of the state courts and he was being held in state prison, Dotson is a state prisoner for the purposes of habeas relief. *See, e.g.*, *Brainwaite v. Eberlin*, 2008 WL 2844712, at *3 (N.D. Ohio July 22, 2008) (stating that the petitioner was a state prisoner following his guilty plea and sentences in the Stark County Court of Common Pleas).

However, the district court erred in not giving Dotson notice that it intended to treat his civil rights petition as a habeas claim. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004). Because of the potential prejudice against a prisoner's ability to bring "second or successive" section 2254 petitions, Dotson had a right to decide whether he wanted his civil action to be treated as a habeas petition or whether he wanted to preserve the opportunity to file an initial petition. *Id.* Though Dotson's filing may have been untimely as a habeas petition, the record does not reveal when Dotson's conviction became final, whether the limitation period was subject to statutory tolling, or whether there was any basis for equitable tolling. Most importantly, Dotson has not had the opportunity to argue the timeliness issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (before acting *sua sponte* to dismiss a petition based on the statute of limitations, a district court must afford the parties fair notice and an opportunity to respond). Thus, dismissal of Dotson's claims as an untimely habeas petition was inappropriate.

### III.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Dotson's civil rights claim and **VACATE** the district court's order to the extent that it purports to address a habeas petition.