ALD-088                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3185
_____

RITA WATSON,
                                        Appellant

v.

WASHINGTON TOWNSHIP OF GLOUCESTER COUNTY PUBLIC
SCHOOL DISTRICT; CHARLES EARLING; THOMAS LICISYN;
EILEEN ABBOT; JAMES SCOTT DZERIZOGSKI; SYNDER MURPHY;
PATRONE; CHUCK WISELY; MARINO; MS SIMONE; MRS PETROSKI;
MR PAUL JACQUES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-03650)
District Judge: Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed:  January 24, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

       Rita Watson appeals the dismissal of her amended complaint, which the District

Court rejected because (i) Watson cannot assert claims in federal court on behalf of her

minor child, and (ii) the claims asserted on Watson's own behalf are insufficient as a matter of law. For the reasons that follow, we will affirm.

Watson filed a pro se complaint in July 2009 presenting vaguely asserted claims against the Washington Township of Gloucester County, New Jersey, School District and the individual defendants on behalf of her son, A.W, for alleged violations of A.W.'s rights in connection with his education. The District Court sua sponte ordered Watson to file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 10.

Watson filed an amended complaint seeking relief under six provisions of federal law: (1) 18 U.S.C. § 241 ("Count One"); (2) 18 U.S.C. § 242 ("Count Two"); (3) the No Child Left Behind Act ("Count Three"); (4) "42-21-IV-2000" ("Count Four"); (5) 42 U.S.C. § 1981 ("Count Five"); and (6) 42 U.S.C. § 1983 ("Count Six"). Watson alleges that A.W. "did not receive fair and[/]or equal decision or treatment as other students" at school, allegedly as a result of racial discrimination. Defendants allegedly conspired to "stagnate" A.W.'s education, denied his federal rights, and deprived A.W. of "access to the school and social events." Watson alleges that A.W.'s "treatment from the school official was severe and harsh which cause[d] severe damages."

After Watson was granted leave to proceed in forma pauperis, defendants moved to dismiss, arguing that Watson improperly asserts claims on behalf of child who is not a party to the case, that Counts One through Four fail to state a claim upon which relief can be granted, and that Counts Five and Six are inadequately pleaded and require a more definite statement. The District Court treated the motion to dismiss in part as a motion

2

under Rule 12(b)(1) challenging Watson's standing to represent A.W., and it held that Watson lacks such standing because a parent who is not an attorney cannot appear pro se on behalf of her child. The District Court advised Watson that she could either retain counsel for A.W. and proceed with the claims, or not proceed and have A.W.'s claims dismissed without prejudice.[1] The District Court noted that it would hold defendants' motion to dismiss A.W.'s claims in abeyance for twenty days.

Insofar as Watson asserted claims in her own right, the District Court granted defendants' motion to dismiss Counts One through Four. The District Court explained that the statutes relied upon in Counts One through Three do not afford private rights of action, and that Count Four, to the extent Watson relies upon unspecified provisions of Title IV of the Civil Rights Act, fails to state a claim for relief, although the District Court afforded Watson leave to amend as to Count Four. As to Counts Five and Six under 42 U.S.C. §§ 1981 and 1983, the District Court noted that Watson failed to identify the actions defendants took, what specific rights they allegedly violated, or what injury she suffered as a result. The District Court thus ordered Watson to provide a more definite statement of these claims so that defendants could respond to them.

Watson thereafter advised the District Court that she had found a lawyer for A.W. However, no lawyer entered an appearance, and Watson did not file a second amended

---

[1] The District Court declined to extend the option of appointing counsel under 28 U.S.C. § 1915(e)(1) to represent A.W. because a Magistrate Judge had already denied Watson's motion for an appointment of pro bono counsel in the case.

complaint or provide a more definite statement in accordance with the District Court's order. Consequently, the District Court entered an order dismissing the claims asserted on behalf of A.W. for lack of subject matter jurisdiction. Watson timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291.[2] "Whether subject matter jurisdiction exists is a question of law, and thus our standard of review is de novo." In re W.R. Grace & Co., 591 F.3d 164, 170 n.7 (3d Cir. 2009). Our review is plenary over a decision to grant a motion to dismiss under Rule 12(b)(6). Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). "We do not inquire whether a plaintiff will ultimately prevail when considering a motion to dismiss, only whether the plaintiff is entitled to offer evidence to support his or her claims." Id.

The District Court correctly dismissed the claims asserted on behalf of A.W. As a non-attorney, Watson is permitted to represent herself in federal court, but she cannot act as "pro se counsel" for her child, which she sought to do here. See 28 U.S.C. § 1654; Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). The District Court afforded Watson an opportunity to retain counsel for A.W., but she failed to do so. Further, we cannot conclude that the District Court abused its discretion in refusing to appoint counsel. See Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997) (discussing standard for appointment of counsel under 28 U.S.C. § 1915(e)(1)). Watson

---

[2] Although the District Court also denied Watson's post-judgment motion for reconsideration, Watson did not appeal or file an amended notice of appeal from that order. See Fed. R. App. P. 4(a)(4)(B)(ii). Consequently, we lack jurisdiction to review the order denying reconsideration.

moved for court-appointed counsel at the time she filed her amended complaint, arguing that she needed a lawyer to assist in pursuing claims on behalf of A.W. A Magistrate Judge held oral argument and issued a written decision denying the motion. The Magistrate Judge fully considered the Parham factors, and declined to appoint counsel in part based on representations made by Watson at oral argument. We discern no error in the Magistrate Judge's decision. For these reasons, the District Court properly dismissed without prejudice all claims asserted on behalf of A.W.

In addition, the District Court properly dismissed the amended complaint under Rule 12(b)(6) insofar as Watson asserted claims on her own behalf. As to Counts One through Three, Watson does not have a private right of action to sue the defendants under 18 U.S.C. §§ 241 or 242, see, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), or the No Child Left Behind Act. See Newark Parents Ass'n v. Newark Pub. Sch., 547 F.3d 199, 214 (3d Cir. 2008) (holding that "Congress did not intend to give individuals a right to enforce the notice and supplemental educational services provisions of the Act"). In Count Four, Watson vaguely invoked unspecified provisions of Title VI of the Civil Rights Act of 1964, which the District Court correctly held was insufficient to state a claim for relief. Although the District Court afforded Watson leave to amend Count Four, she failed to do so. Finally, the civil rights claims in Counts Five and Six are, as the District Court explained, inadequate even under the liberal notice pleading standard and insufficient to allow defendants to formulate any meaningful response to the claims. Watson failed to comply with the order that she provide a more definite

5

statement.  Accordingly, these claims were properly dismissed.

For foregoing reasons, and because this appeal presents "no substantial question,"
3d Cir. I.O.P. 10.6, we will summarily affirm the District Court's judgment.