**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3089
_____

JOSEPH M. KEHOE,
                                        Appellant

v.

INTERNATIONAL ASSOCIATION OF THEATRICAL STAGE EMPLOYEES
LOCAL 21; INTERNATIONAL ASSOCIATION OF THEATRICAL STAGE
EMPLOYEES; MATTHEW LOEB; MICHAEL STAS; JOHN SEUBERT; STANLEY
GUTOWSKI; SANFORD OXFELD; PULSE LIGHTING; ROBERT SUCHOCHI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-07805)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 13, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Joseph Kehoe appeals pro se from the District Court's May 20, 2016 order granting summary judgment against him with respect to his claims brought pursuant to the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 et seq. For the reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Kehoe is a former member of the International Association of Theatrical Stage Employees, Local 21 ("Local 21"). In December 2013, Kehoe filed a pro se complaint in the District Court against Local 21, Local 21's attorney, some of Local 21's leadership (its president, secretary, and business manager), and other individuals and entities. Accompanying the complaint were a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. On January 9, 2014, the District Court granted the IFP motion, denied the counsel motion without prejudice, dismissed some of the claims from the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed a subset of the remaining claims without prejudice to Kehoe's ability to cure them within 30 days. Shortly thereafter, Kehoe filed an amended complaint. That amended pleading, which raised 25 claims and sought relief under the LMRDA,[1] stemmed largely from two incidents for which Kehoe was

_____

[1] Kehoe's pleadings in the District Court also sought relief under 42 U.S.C. § 1983 and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq. However, the

2

disciplined while a member of Local 21.

In June 2015, Kehoe filed another motion for appointment of counsel. On July 17, 2015, the Magistrate Judge who was assigned to the case granted that motion in part, explaining that counsel would be appointed for settlement purposes only. When the settlement discussions that followed proved unsuccessful, the Magistrate Judge set a briefing schedule for dispositive motions. Certain defendants then moved for summary judgment; Kehoe opposed those motions. On May 20, 2016, the District Court granted those summary judgment motions, dismissed Kehoe's claims with prejudice as to all of the defendants that remained in the case,[2] and directed the District Court Clerk to close the case. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-

---

District Court rejected his efforts to obtain that relief in orders that preceded its May 20, 2016 order. Kehoe does not challenge those earlier rulings or otherwise argue on appeal that he is entitled to relief under § 1983 or the LMRA. Accordingly, we deem those issues waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

[2] The District Court had previously dismissed Kehoe's claims against defendants Matthew Loeb and the International Association of Theatrical Stage Employees.

movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

Enacted in 1959, the LMRDA "was an attempt to respond to abuses within the organized labor movement while minimizing governmental interference with the internal affairs of labor organizations." Morris v. Hoffa, 361 F.3d 177, 186 (3d Cir. 2004) (internal quotation marks omitted). Title I of the LMRDA sets forth a bill of rights for members of labor organizations, see 29 U.S.C. § 411; Morris, 361 F.3d at 191 n.23, and includes, as relevant here, the right to freedom of speech and safeguards against improper disciplinary action, see 29 U.S.C. §§ 411(a)(2), (5). If a member's rights are violated, he may bring a civil action in federal court. See 29 U.S.C. § 412. To the extent that a member seeks relief under the LMRDA based on alleged violations of his union's constitution, he must show that "the constitution is being applied in such a way as to deprive [him] of [his] secured rights." Martire v. Laborers' Local Union 1058, 410 F.2d 32, 36 & n.9 (3d Cir. 1969) (quoting Navarro v. Gannon, 385 F.2d 512, 516 n.6 (2d Cir. 1967)).

In this case, the District Court concluded, in a 49-page opinion, that each of Kehoe's 25 claims was "lacking sufficient evidence to establish necessary elements

4

[under the LMRDA], and [that] no reasonable jury could find in Kehoe's favor based on the record before the [District] Court." (Dist. Ct. Op. entered May 20, 2016, at 25.) For substantially the reasons set forth in the District Court's thorough and cogent opinion, we agree with that conclusion and find no error in the District Court's decision to grant summary judgment against Kehoe on all of his LMRDA claims. To the extent that he now alleges that the District Court's resolution of those claims via summary judgment somehow violated his due process rights, we see no such violation. We have considered his remaining arguments and conclude that none warrants relief here.[3]

In light of the above, we will affirm the District Court's May 20, 2016 order granting summary judgment against Kehoe.

---

[3] Kehoe alleges that "[t]he court erred in finding that I was capable of representing myself without any legal background or formal training." (Addendum to Appellant's Br. 18.) To the extent that this allegation seeks to challenge the District Court's January 9, 2014 order denying his first motion to appoint counsel, we have jurisdiction to review that order despite the fact that Kehoe did not specifically refer to it in his notice of appeal. See Pacitti v. Macy's, 193 F.3d 766, 776-77 (3d Cir. 1999). However, he has not demonstrated that the District Court abused its discretion in denying that motion. See Powell v. Symons, 680 F.3d 301, 306 (3d Cir. 2012) (explaining that we review an order denying appointment of counsel under an abuse of discretion standard); see also Parkell v. Danberg, 833 F.3d 313, 340 (3d Cir. 2016) ("Appointing counsel for an indigent civil litigant is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him . . . .") (internal quotation marks omitted). To the extent that Kehoe seeks to challenge the Magistrate Judge's July 17, 2015 order limiting the grant of his second counsel motion to settlement discussions, we lack jurisdiction to review that order because Kehoe did not appeal it to the District Judge in the first instance. See Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983).