NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORRIS S. GLOVER,**
*Plaintiff-Appellant*

**v.**

**DANIEL E. COHEN, BRUCE C. JOHNSON, CREATIVE INTEGRATION & DESIGN, INC.,**
*Defendants-Appellees*

**SUZANNE KAMEESE, LOWELL FRENCH,**
*Defendants*

---

2021-2126

---

Appeal from the United States District Court for the Western District of Pennsylvania in No. 2:19-cv-00734-WSH, Judge W. Scott Hardy.

---

Decided:  October 5, 2022

---

MORRIS S. GLOVER, Bedford Heights, OH, pro se.

KURT JOHN NIEDERLUECKE, Fredrikson & Byron, PA, Minneapolis, MN, for defendants-appellees.  Also represented by CARA S. DONELS, Des Moines, IA.

---

Before DYK, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Morris S. Glover ("Glover") appeals the final judgment of the United States District Court for the Western District of Pennsylvania following dismissal with prejudice of his complaint, which largely concerns the prior litigation *Glover v. CNS, Inc.*, No. 95-02227 (N.D. Ohio). For the reasons below, we affirm.

I

Glover owns expired utility and design patents, U.S. Patent Nos. 5,466,456 (issued November 14, 1995) and D351,924 (issued October 25, 1994), which concern a facial cleanser and an ornamental design for a facial cleanser, respectively. In the current litigation, Glover appears to maintain his assertion, first made over twenty-five years ago, that his patents were infringed by a product called the Breathe Right® dilator, manufactured and sold by CNS, Inc. ("CNS").

In 1995, Glover sued CNS in the United States District Court for the Northern District of Ohio for infringing his patents. During that litigation, one of the Defendants in the current case, Bruce C. Johnson ("Johnson"), submitted a declaration asserting that he was the primary inventor of the Breathe Right® dilator and that he had transferred his rights in the device to Creative Integration & Design, Inc. ("CID"), which in turn granted CNS an exclusive license concerning the device. Johnson maintained that Glover had nothing to do with the invention of the Breathe Right® device. Similarly, current-Defendant Daniel E. Cohen ("Cohen"), then associated with CNS, submitted a declaration that Glover had nothing to do with the Breathe Right® device. The District Court eventually granted CNS's motion for summary judgment, finding no infringement.

Glover appealed, and we affirmed. *See Glover v. CNS, Inc.*, 111 F.3d 144 (1997) (per curiam).

In the instant case, brought in 2019, Glover appears to again assert that the Breathe Right® dilator infringes his patents. He alleges that in 1987 he submitted the idea for his invention to American Idea Management Corporation ("AIM"), an entity associated with Defendants Suzanne Kameese and Lowell French. Glover contends that AIM improperly conveyed his idea to Defendant CID, which in turn improperly conveyed his idea to Defendant Johnson. He also attacks various aspects of the evidence in the prior litigation.

The caption of Glover's Complaint indicates his claims are for "[p]atent infringement, conspiracy for a summary judgment making Plaintiff's patents invalid," "[d]enial of due process of law, VII Amendment to the Constitution which renders a void judgment," and "42 U.S.C. §§ 1983, 1985, 1986." Complaint at 1, *Glover v. Cohen*, No. 19-00734 (W.D. Pa. June 26, 2019). In his prayer for relief, Glover sought to void the summary judgment ruling from the prior litigation, reinstate his patents, and be provided an opportunity to demonstrate infringement in a jury trial.

Kameese, CID and Johnson, and Cohen filed three separate motions to dismiss, each of which the District Court granted.[1] Glover timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

---

[1] Glover thereafter filed a "Motion: Objection to the Court's 'Memorandum Opinion,'" which the District Court construed as an untimely motion for reconsideration, but nonetheless considered and denied. *See* Memorandum Order denying Plaintiff's "Motion: Objection to the Court's Memorandum Opinion," *Glover v. Cohen*, No. 19-00734 (W.D. Pa. Mar. 25, 2021).

## II

We apply the law of the applicable regional circuit, here the Third Circuit, on issues of procedural law that do not implicate patent law, while we apply the law of our own circuit to issues of patent law. *See Landmark Screens, LLC v. Morgan, Lewis, & Bockius, LLP*, 676 F.3d 1354, 1361 (Fed. Cir. 2012). Thus, we apply regional circuit law to dismissals under Fed. R. Civ. P. 12(b)(6), *see Endo Pharms. Inc. v. Teva Pharms. USA, Inc.*, 919 F.3d 1347, 1352 (Fed. Cir. 2019); applications of issue preclusion, *see Voter Verified, Inc. v. Election Sys. & Software LLC*, 887 F.3d 1376, 1382 (Fed. Cir. 2018);[2] and statute of limitations rulings, *see id.*

Like the Third Circuit, we review a *pro se* litigant's submissions liberally. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *In re Steed*, 802 F.3d 1311, 1317 (Fed. Cir. 2015).

We apply de novo review to a Rule 12(b)(6) dismissal. *See Endo Pharms.*, 919 F.3d at 1352 (applying Third Circuit law). "To survive a motion to dismiss for failure to state a claim, a complaint must allege enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Here, Glover failed to state any claim upon which relief could be granted.

## A

Concerning patent infringement, Glover failed to state a claim upon which relief can be granted because his suit is barred by issue preclusion. Issue preclusion can be a proper basis for a Rule 12(b)(6) dismissal. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015).

---

[2]    Even if we were to conclude that Federal Circuit law applies to issue preclusion, the result would be the same.

Under this doctrine, a party cannot relitigate an issue that has already been litigated. *See Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007). That is the situation here. Glover litigated the same issue – patent infringement by the Breathe Right® dilator – in the Northern District of Ohio action and cannot relitigate that issue now.

The Third Circuit generally applies plenary review to determinations of issue preclusion. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 247-49 (3d Cir. 2006) (noting abuse of discretion review for non-mutual offensive collateral estoppel). In the Third Circuit, the prerequisites for applying issue preclusion are

> (1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment. . . . For defensive collateral estoppel – a form of non-mutual issue preclusion – to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action.

*Peloro*, 488 F.3d at 174-75 (internal quotation marks omitted).

Here, all of these prerequisites are met. First, the same issue – whether the Breathe Right® dilator infringes Glover's patents – was at issue in the prior action. Second, the issue was actually litigated; the District Court expressly determined there was no infringement. Third, the issue was determined by a final and valid judgment, which was entered by the District Court and affirmed by us. Fourth, the issue was necessary to the District Court's decision; the Court grant of summary judgment was premised on the finding of no infringement. Finally, Glover had a full and fair opportunity to litigate and, in fact, did litigate the issue of infringement in both the District Court and this Court.

Because Glover is barred by the doctrine of issue preclusion from proceeding with his claim of patent infringement, we need not address any other potential deficiencies in this claim.

B

Glover also failed to state any claim upon which relief could be granted concerning a conspiracy to invalidate his patents in the prior litigation or that the grant of summary judgment denied him due process and violated his Seventh Amendment right to a jury trial. Relatedly, he failed to state any claim upon which relief could be granted with respect to 42 U.S.C. §§ 1983, 1985, and 1986.

All of these claims arise from the prior litigation. As an initial matter, we note that, contrary to Glover's beliefs, the District Court never invalidated his patents in that litigation. Glover's patents expired naturally, as do all patents granted by the federal government.

A valid and proper grant of summary judgment, preceded by the litigants having had a full and fair opportunity to litigate, does not violate the Seventh Amendment. *See, e.g.*, *In re TMI Litig.*, 193 F.3d 613, 725 (3d Cir. 1999). Nor do such circumstances amount to a violation of due process. *See Kehoe v. Int'l Ass'n of Theatrical Stage Emps. Loc. 21*, 682 F. App'x 161, 163 (3d Cir. 2017).

Finally, any possible §§ 1983, 1985, or 1986 claim is barred by the applicable statute of limitations. The statute of limitations for a § 1983 claim is the same as the pertinent state's statute of limitations for personal injury torts, which is two years in both Ohio (where Glover brought his earlier action) and Pennsylvania (where he brought the instant action).[3]  *See Wallace v. Kato*, 549 U.S. 384, 387

---

[3]  Although § 1983 was amended in 1996, the four-year statute of limitations in 28 U.S.C. § 1658 does not

(2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (two years under Pennsylvania law); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc) (two years under Ohio law).

The same two-year statute of limitations applies to Glover's § 1985 claim. *See Dique v. N.J. State Police*, 603 F.3d 181, 189 (3d Cir. 2010) (applying state law statute of limitations to § 1985); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79 (3d Cir. 1989) (two years under Pennsylvania law); *Dotson v. Lane*, 360 F. App'x 617, 619 n.2 (6th Cir. 2010) (two years under Ohio law).

Section 1986, by its very terms, carries a one-year statute of limitations. *See* 42 U.S.C. § 1986; *Fitzgerald v. Larson*, 741 F.2d 32, 34 n.2 (3d Cir. 1984), *vacated on other grounds*, 471 U.S. 1051 (1985).

Each of these causes of action (i.e., claims under §§ 1983, 1985, and 1986) accrued "when the plaintiff knew or should have known of the injury upon which [his] action is based." *See, e.g.*, *Kach*, 589 F.3d at 634 (concerning accrual under § 1983). Glover's allegations concern events that happened at least twenty years ago. His claims were brought well after the one- and two-year statutes of limitations had expired.[4] Further, Glover presents no argument

---

apply, because Glover's claim was not made possible by the 1996 amendment. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004); Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996). Even if the four-year statute of limitations applied, Glover's claim would still be barred.

[4] To the extent Glover relies on 18 U.S.C. § 241, which is a criminal statute without any private right of action, *see United States v. City of Phila.*, 644 F.2d 187 (3d Cir. 1980), *overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507

or evidence to support any equitable tolling (assuming such tolling is even possible).  Thus, his claims are barred.

C

It appears that Glover did not request leave to amend his Complaint before the District Court and does not do so on appeal either.  Regardless, in light of our analysis, any amendment would be futile.  *See generally Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004) (requiring opportunity to amend unless futile), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III

We realize that Glover continues to believe his intellectual property was stolen.  But Glover already litigated his patent infringement claim, and the time for litigating his remaining claims, to the extent they are actionable, has long since passed.  Therefore, we affirm the judgment of the District Court.

**AFFIRMED**

COSTS

No costs.

_____

U.S. 163 (1993), any such claim also fails.  Only the federal government can prosecute a violation of that statute.  *See, e.g.*, *Watson v. Washington Twp. of Gloucester Cnty. Pub. Sch. Dist.*, 413 F. App'x 466, 468 (3d Cir. 2011).